IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN RAY LAMONT, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13-cv-00036 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. UZMA ALI, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Allen Ray Lamont, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Lamont alleges that the defendants violated his constitutional rights by denying him adequate medical treatment. The court finds that Lamont's allegations do not rise to the level of a constitutional violation and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Lamont alleges that on January 11, 2013, he saw defendant Dr. Ali for "severe dry scalp and/or skin condition" because his hair was falling out. Lamont states that Dr. Ali told him that she does not give out shampoo, that he should buy it at the commissary, and that she was sorry she could not help him. Lamont does not allege that the shampoo he seeks is not available through the commissary.

II.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an

objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. *Russell*, 528 F.2d at 319 (citing *Shields v. Kunkel*, 442 F.2d 409 (9th Cir. 1971)). A delay in receiving medical care, with no resulting injury, does not violate the Eighth Amendment. *See Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 19993); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wynn v. Mundo*, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004).

Even assuming his dry scalp constitutes an adequately serious medical need, Lamont acknowledges that he has been seen and evaluated by Dr. Ali. Although he may disagree with doctor's determinations, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Accordingly, the court finds that Lamont has failed to state a constitutional claim.

### III.

For the stated reasons, Lamont's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTER**: This 9th day of April, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE